

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 06 C 4900 | **DATE** | 2/21/07 |
| **CASE TITLE** | Brian Loomis, et al. vs. Exelon Corp., et al. | | |

**DOCKET ENTRY TEXT**

Defendants' Motion to Dismiss [37] is granted in part; Plaintiffs' prayer for investment losses is stricken.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

This action arises out of a 401(k) plan offered by Defendant Exelon. Plaintiffs' two-count Complaint alleges that Exelon and other individuals and entities associated with that corporation have breached their fiduciary duties to the participants in that Plan. (Compl. at ¶¶ 18-22, 94, 98). Plaintiffs allege, *inter alia*, that Defendants violated ERISA § 502(a)(2) and (a)(3) by causing or allowing investment managers and other service providers to charge unreasonable fees to the Plan and by failing to disclose those fees to participants in the Plan. (Compl. at ¶¶ 53-80). The lawsuit seeks recovery of two different types of monetary relief: (1) direct losses (i.e., those Plaintiffs experienced as a direct result of the Defendants' breach of fiduciary duty); and (2) investment losses (i.e., losses attributable to the ups and downs of the financial market). Currently before the Court is Defendants' Motion to Dismiss the Plaintiffs' Complaint.

In reviewing a motion to dismiss, the court considers all allegations in the complaint and any reasonable inferences drawn therefrom in the light most favorable to the plaintiff. *See Marshall-Mosby v. Corporate Receivables, Inc.*, 205 F.3d 323, 326 (7th Cir. 2000). A filing under the Federal Rules of Civil Procedure should be "short and plain," and it suffices if it notifies the defendant of the principal events. *Hoskins v. Poelstra*, 320 F.3d 761, 764 (7th Cir. 2003). A plaintiff is not required to plead the facts or the elements of a claim, with the exceptions found in Federal Rule of Civil Procedure 9 (Pleading Special Matters, *i.e.*, fraud, mistake, etc.). *See Swierkiewicz v. Sorema*, 534 U.S. 506, 511 (2002); *Kolupa v. Roselle Park Dist.*, 438 F.3d 713, 713 (7th Cir. 2006) (*Kolupa*). In other words, any movant "tempted to write 'this complaint is deficient because it does not contain . . .' should stop and think: What rule of law *requires* a complaint to contain that allegation?" *Kolupa*, 438 F.3d at 713, *quoting Doe v. Smith*, 429 F.3d 706, 708 (7th Cir. 2005 ) (emphasis in original).

## STATEMENT

In the Motion to Dismiss, the Defendants concede that each of the two counts in Plaintiffs' Complaint states a claim and acknowledge that neither can therefore be dismissed. Defendants assert, however, that Plaintiffs' prayer for investment losses should be dismissed because the Complaint fails to allege a nexus between the administrative fees charged by participants and their market-based losses, as required by 29 U.S.C. §1109(a).

Typically, "issues of loss causation are factual matters not proper to resolve on a motion to dismiss . . ." In re Sears, Roebuck & Co. ERISA Litigation, 2004 WL 407007, *7 (N.D. Ill. 2004). However, ERISA claimants must plead that there is some causal connection between their claim and the alleged losses. Brandt v. Grounds, 687 F.2d 895, 898 (7th Cir. 1982). As the Supreme Court recently noted, while "ordinary pleading rules are not meant to impose a great burden upon a plaintiff . . . it should not prove burdensome for a plaintiff who has suffered a [] loss to provide a defendant with some indication of the loss and the causal connection that the plaintiff has in mind." Dura Pharmaceuticals, Inc. v. Broudo, 544 U.S. 336, 347-348 (2005).

For the foregoing reasons, the prayer for investment losses is stricken.