IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

BRIAN LOOMIS, *et al.*,
individually and on behalf of those
similarly situated,

    Plaintiffs,

v                                             CASE NUMBER: 06 CV 4900

EXELON CORPORATION, *et al.*         Hon. John W. Darrah

    Defendants.

## PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

    Come now Plaintiffs Brian Loomis, Debra Cogswell, Ron Welte, and Wayne Johnson and move this Court to certify this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure. In support, they state as follows:

    1.     This action arises from the breach of the fiduciary duties imposed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1002 *et seq.* ("ERISA"), on Defendant Exelon Corporation ("Exelon") and those employees, officers and directors who are also named as Defendants.

    2.     Plaintiffs are participants in the Exelon Corporation Employee Savings Plan, Plan 003 (the "Plan").

    3.     Plaintiffs Loomis, Cogswell, Welte, and Johnson seek appointment as representatives of a class, consisting of

    4.

> All persons, *excluding the Defendants, the Committees and/or other individuals who are or may be liable for the conduct described in this Complaint,* who are or were participants or beneficiaries of the Plan and who are, were or may have been affected by the conduct set forth in this Complaint, as well as those who will become participants or beneficiaries of the Plan in the future.

5. Plaintiffs have shown that the prerequisites of Rule 23(a) of the Federal Rules of Civil Procedure are met with regard to the proposed class:

- The class consists of at least 23,291 plan participants. Therefore, the class is so numerous that joinder of all members is impracticable;
- There are questions of law and fact common to the Class, including the identity and roles of the Plan's fiduciaries, whether the actions of the Plan's fiduciaries constituted a breach of their fiduciary duties, and the appropriate plan-wide remedy for the breaches;
- The claims or defenses of the representative parties are typical of the claims or defenses of the class in that the factual underpinnings and legal theories advanced by Plaintiffs apply to the Class as a whole, and the recovery Plaintiffs seek will benefit each member of the proposed class; and
- The representative parties will fairly and adequately protect the interests of the class. The interests of the named plaintiffs are the same as, and not in conflict with, the other members of the Class. Plaintiffs' attorneys are competent, experienced, qualified and able to vigorously conduct the proposed class action.

6. The requirements of Rule 23(b) are also satisfied.

7. Certification under Rule 23(b)(1) is appropriate because the failure to certify the proposed class could result in inconsistent or varying adjudications with respect to the individual members of the class which would establish incompatible standards of conduct for the party opposing the class and because adjudications with respect to individual members of the proposed class would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudications or would substantially impair or impede their ability to protect their interests. In fact, the drafters of Rule 23(b)(1) described suits such as this one – an action for breach of fiduciary duty brought by those to whom the duty is owed – as a prime example of why Rule 23(b)(1)(B) was enacted. Committee Notes, Fed. R. Civ. P 23(b)(1)(B) (1966 amendments).

8. In the alternative, Plaintiffs seek certification under Rules 23 (b)(2) and 23(b)(3). Rule 23(b)(2) certification is appropriate because Plaintiffs seek injunctive and declaratory relief under ERISA § 502(a)(2), alleging that Defendants have acted or refused to act on grounds generally applicable to the proposed class as a whole. Because the monetary relief sought by Plaintiffs is more than "incidental," certification of those claims is appropriate under Rule 23(b)(3). And because the focus of the case is on the Defendants' actions toward the Class as a whole, common issues of law or fact predominate and a class action is a superior method of litigation management to the thousands of individual actions that would otherwise ensue.

9. Plaintiffs further request that this Court appoint the firm of Schlichter, Bogard & Denton as Class Counsel, pursuant to Rule 23(g).

WHEREFORE, Plaintiffs pray for the Court to enter an Order granting their Motion for Class Certification as set out herein and for such other and further relief as the Court deems just and proper.

Respectfully submitted,

**Schlichter, Bogard & Denton**

 /s/ Elizabeth J. Hubertz 
Jerome J. Schlichter
Elizabeth J. Hubertz
Nicole Bolton
Heather Lea
100 South Fourth Street
Suite 900
St. Louis, MO 63102
Tel: 314-621-6115
Fax: 314-621-7151
ehubertz@uselaws.com
Lead Counsel for Plaintiffs

## **CERTIFICATE OF SERVICE**

 I hereby certify that on March 7, 2007 I electronically filed the foregoing **MOTION FOR CLASS CERTIFICATION** with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

 Anne E. Rea
 area@sidley.com

 Mark B. Blocker
 mblocker@sidley.com

 Eric S. Mattson
 emattson@sidley.com

 **Attorneys for Defendants**

              /s/ Elizabeth J. Hubertz
               Elizabeth J. Hubertz