

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BRIAN LOOMIS, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Case No. 06 CV 4900 |
| v. ) | |
| ) | Judge John W. Darrah |
| EXELON CORPORATION, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants' Bill of Costs, which was timely filed after this Court

granted Defendants' Motion to Dismiss. Prevailing in an ERISA action, Defendants request that

Plaintiffs be taxed $43,346.12 in costs pursuant to 28 U.S.C. § 1920; Federal Rules of Civil

Procedure 54(d); and Local Rule 54.1. Plaintiffs respond that Rule 54(d) is inapplicable because

a specified provision of ERISA controls whether an award of costs is appropriate, 29 U.S.C.

§ 1132(g).

## ANALYSIS

As a prevailing party, the taxable costs sought by Defendants under Rule 54(d) may be

awarded in ERISA cases notwithstanding the attorney fee provision of 29 U.S.C. § 1132. The

Seventh Circuit takes a bifurcated approach to requests for attorneys' fees and costs in ERISA

cases: requests for fees and non-taxable costs are governed by ERISA's fee-shifting provision

29 U.S.C. § 1132(g)(1), but requests for taxable costs are governed by Rule 54(d) and 28 U.S.C.

§ 1920. *See Quinn v. Blue Cross and Blue Shield Ass'n*, 161 F.3d 472 (7th Cir. 1998); *see also*

*Land v. Bartlow Bros., Inc.*, 2008 WL 2078045 (C.D. Ill. May 15, 2008) (in an ERISA case,

denying request for "fees and costs under 29 U.S.C. § 1132(g)(1)," but awarding taxable costs

1

under Rule 54(d)); *Armstrong v. Amsted Indus., Inc.* 2004 WL 2480998, at *1 (N.D. Ill.

Nov. 3, 2004) ("Are, then, costs excepted from the normal operation of Federal Rule of Civil

Procedure 54, when fees are not sought, because they are within the 'express provision' of a

federal statute, namely 29 U.S.C. § 1132(g)(1)? We think not.").

## COSTS TO BE TAXED

"Unless a federal statute, or a court order provides otherwise, costs other than attorney's

fees should be allowed to the prevailing party." Fed.R.Civ.P. 54(d). Recoverable costs, as set

forth in 28 U.S.C. § 1920, include: (1) fees of the clerk, (2) fees for transcripts, (3) fees for

printing and witnesses, (4) fees for copies of papers necessarily obtained for use in the case,

(5) docket fees, and (6) compensation of court-appointed experts and interpreters.

There is a strong presumption favoring the award of costs to the prevailing party.

*Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 945 (7th Cir. 1997). However, district courts

possess wide discretion in determining whether expenses claimed by the prevailing party are

actually taxable as costs. *Deimer v. Cincinnati Sub-Zero Products, Inc.*, 58 F.3d 341, 345 (7th

Cir. 1995) (*Deimer*). This Court must review a prevailing party's bill of costs in scrupulous

detail. As the Supreme Court explained, Rule 54(d) does not give a court "unrestrained

discretion to tax costs to reimburse a winning litigant for every expense he has seen fit to incur

… [I]tems proposed by winning parties as costs should always be given careful scrutiny."

*Farmer v. Arabian Am. Oil Co.*, 379 U.S. 227, 235 (1964). Thus, Defendants are entitled to

recover costs only if: (1) the expenses are allowable under § 1920; and (2) the expenses are

reasonable, both in amount and necessity to the litigation. *Deimer*, 58 F.3d at 345.

*Deposition Costs*

Defendants request that Plaintiffs be taxed $2,689.15 for both a video recording and a transcript of the deposition of the four named Plaintiffs: Brian Loomis, Gordon Johnson, Ronald Welte, and Debra Cogswell.

Defendants seek $1,244.65 in transcription costs incurred from deposing Brian Loomis (deposed on 1/26/07), Gordon Johnson (1/26/07), Debra Cogswell (2/8/07), and Ronald Welte (3/16/07). Defendants only deposed parties of the case, so these costs are "necessarily obtained for use in the case" and authorized by 28 U.S.C. § 1920(2). In arriving at a figure, Defendants' costs calculation applied the current Judicial Conference of the United States per-page rate for court reporters, $3.65. This per-page rate is greater than that established by the Judicial Conference for this period. Transcript costs are limited to "the regular copy rate as established by the Judicial Conference of the United States and in effect at the time the transcript or deposition was filed[.]" Local Rule 54.1(b). All four depositions were taken and transcribed before November 1, 2007, at which time the reimbursement rate was $3.30. *Fairley v. Andrews,* 2008 WL 961592, at *5 (N.D. Ill. Apr. 8, 2008) ("The applicable rate pursuant to the Judicial Conference for depositions after February 28, 2003, but before November 1, 2007, is $3.30 per page for ordinary transcripts[.]"). The invoices provided by Defendants state that the depositions' transcription totaled 341 pages. By applying the Judicial Conference rate in effect between February 28, 2003 and November 1, 2007, Defendants are awarded $1,125.30 (341 pages X $3.30).

Defendants also seek $1,444.50 in video recording costs. Defendants are correct in asserting that costs of both transcripts and video recordings of a deposition may be taxed against a party. *Little v. Mitsubishi Motors N. Am., Inc.,* 514 F.3d 699, 702 (7th Cir. 2008). However,

Defendants are still allowed to recover only those costs which were reasonable and necessary. Defendants claim the video recordings were needed "for later use to demonstrate plaintiffs' credibility and demeanor during their deposition testimony." Doc. 153-2 at 2 (Fee Decl.). In the circumstances of this case, Defendants' justification is insufficient to merit an award of video recording costs. Most decisions that award video recording costs involve a non-party and a chance of his non-appearance at trial. *Horizon Hobby, Inc. v. Ripmax Ltd.*, 2009 WL 3381163, at *4 (C.D. Ill. Oct. 15, 2009) ("video recordings were necessary because many of the deponents were residents of the United Kingdom and could not be compelled to testify at trial."); *Vito & Nick's, Inc. v. Barraco*, 2008 WL 4594347, at *3 (N.D. Ill. Oct. 10, 2008) (possible witness unavailability). Here, the deponents were named parties whose appearance at trial has not been questioned. Defendants' request for $1,444.50 in costs resulting from videotaping the deposition is therefore denied.

Thus, the total amount awarded to Defendants for deposition costs is $1,125.30.

*Copying Costs*

Defendants request that Plaintiffs be taxed $12,838.97 for photocopying three categories of documents: (1) documents filed with the court; (2) Bates-labeling the discovery documents; and (3) documents gathered in response to Plaintiffs' discovery requests. Defendants are entitled to recover for making necessary copies of necessary documents. "Fees for exemplification and copies of papers necessarily obtained for use in the case" are expressly authorized under 28 U.S.C. § 1920. Defendants are "not required to submit a bill of costs containing a description so detailed as to make it impossible economically to recover photocopying costs"; rather, they are required to "provide the best possible breakdown obtainable from retained records."

*Northbrook Express and Surplus Ins. Co. v. Proctor & Gamble Co.*, 924 F.2d 633, 643 (7th Cir. 1991).

Plaintiffs raise a number of objections to the copying costs sought by Defendants'. Plaintiffs first object to the request for two copies of all the documents Defendants filed with the court. By receiving Defendants' pleadings through ECF, Plaintiffs argue convincingly that extra copies are not necessary and for the convenience of the attorneys. *See Nilssen v. Osram Sylvania, Inc.*, 2007 WL 257711, at *6 (N.D. Ill. Jan. 23, 2007) (*Nilssen*) (noting two-copy cost is relic of pre-electronic-filing system). Finding Defendants' in-house copy rate of $0.11 per-page to be reasonable, the amount taxed for documents in this category will be $87.56 (796 pages X $0.11). *Brown v. City of Chicago*, 2009 WL 723390, at *2 (N.D. Ill. Mar. 11, 2009) ("each of the City's claims under the copying heading are halved.").

Plaintiffs object to the $0.14 per-page rate of an outside vendor used by Defendants for 7,745 pages of discovery documents. Defendants provide no explanation to support their need for sending the documents to be copied to an outside vendor, rather than having them copied in-house at a lower rate. The $1,084.30 sought for document production copying will be allowed but reduced to $851.95 (7,745 pages x $0.11), reflecting the Defendants' in-house copy rate.

Plaintiffs also object to the $387.25 in costs associated with Bates-labeling the 7,745 pages of discovery documents produced to Plaintiffs. Plaintiffs argue that Bates-labeling is not an allowable cost under § 1920. Defendants contend that Bates-labeling has been recognized as a recoverable cost. While this Court has allowed Bates-labeling costs in cases involving extensive production, that is not the case here. *See Nilssen*, 2007 WL 257711, at *3 (over 92,278 pages produced). Further, Defendants have produced no invoice for the Bates-labeling service or other documentation of work actually provided by their vendor. Without further explanation

5

from Defendants, this Court finds these costs are not reasonably necessary. Therefore, this request is denied.

Plaintiffs object to the $11,200 in costs for documents that Defendants prepared in response to Plaintiffs' request but never produced. In support of this cost, Defendants provide a declaration of an in-house associate involved in the case. Mr. Fee explains that this figure is a product of an average cost of $0.14 per-page for *roughly* 80,000 pages of documents. Plaintiffs argue that the necessity and reasonableness of the charges cannot be specifically determined. Under 28 U.S.C. § 1920(4), Defendants are entitled to recover costs of "copies of papers necessarily obtained for use in the case."

Here, Defendants have not met their burden to provide sufficient detail for Plaintiffs or this Court to determine that all of the copies were reasonably necessary for use in this litigation. Neither the invoice nor the affidavit submitted with Defendants' Petition provide any information as to the types of documents being copied, the length of the documents being copied, or the numbers of copies of each document made. A party must provide details of copy costs claimed, such as "the nature to each document copied" and the number of pages in each document[.]" *Tony Jones Apparel, Inc. v. Indigo USA LLC*, 2005 WL 3115234, at *4 (N.D. Ill. Nov. 16, 2005); *see also Amerisure Ins. Co. v. Roll Serv., Inc.*, 2003 WL 21518549, at *2 (N.D. Ill. Jul. 1, 2003) (must produce documents to show "copies were reasonably necessary for use in the case."); *Netcraft Corp. v. Ebay Inc.*, 2008 WL 4175039 at *2 (W.D. Wis. 2008) ("Because the documents were never produced and their contents are known only to the defendants, I agree with plaintiff that defendants have failed to provide enough detail for the court to determine whether all of the documents were necessary for use in the case."). Without such information, this Court cannot determine whether the copying costs were necessary to the litigation and not

made solely for attorney convenience. Additionally, Defendants again fail to explain the need for sending documents to an outside vendor to be copied at a higher rate. For these reasons, Defendants may not recover expenses claimed for photocopying.

The total amount awarded to Defendants for copying costs is $939.51.

*Electronic Data*

Lastly, Defendants request a total of $27,818 for administrative/project management fees, collection of electronic discovery from Defendants' computers, and the leasing of software to facilitate the processing of documents. Defendants provide an inadequate description of the work performed for this Court to determine what charges were reasonable and necessary to this litigation. In addition to having submitted a bare-boned invoice replete with obscurity, Defendants have not provided any explanation about what information was produced, whether the rates sought are reasonable, or why these processes were necessary to obtain the requested content. Moreover, Defendants have not provided this Court with a sufficient factual basis upon which to exercise its discretion and award these costs in this case. Because Defendants failed to justify these costs, they are denied.

## CONCLUSION

For the reasons stated above, Defendants' Bill of Costs is granted in part and denied in part. Defendants are awarded a total of $2064.81.

Date: March 11, 2010

JOHN W. DARRAH
United States District Court Judge